Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

HOLLAND&HART

February 6, 2020

**Via ECF**

Honorable P. Kevin Castel
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

Re: *2238 Victory Corp. v. Fjallraven USA Retail, LLC, et al.*, 19-11733 (SDNY)

Dear Judge Castel:

On behalf of Defendants Fjallraven USA Retail LLC ("Fjallraven") and Netrush, LLC ("Netrush"), we write respectfully to seek the Court's leave to file a motion to dismiss the above-captioned antitrust and libel action ("Action") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. With the consent of counsel for 2238 Victory Corp. ("Plaintiff"), the parties propose that the motion be filed on March 10, 2020; the opposition on April 14, 2020; and the reply, if any, on April 24. The parties would be pleased to appear before the Court for a pre-motion conference, but Defendants do not believe one is necessary for the reasons set forth below.

All parties also respectfully request adjournment of the initial pre-trial conference currently scheduled for February 26, 2020, pending determination of the Court's willingness to hear a Motion to Dismiss and, should the Court be willing to entertain such a motion, adoption of a briefing schedule. This request is the parties' first request for an adjournment or extension, and the requested adjournment would not affect any further deadline.

**Background**

Plaintiff is a third-party seller that re-sells other entities' products on Amazon. Fjallraven is an outdoor clothing and equipment company that sells its products directly and through authorized distributors. Netrush is an online retailer that sells products on or through Amazon.com and provides associated services to ensure its clients' products are offered in a lawful and brand-appropriate manner. Netrush is Fjallraven's exclusive authorized distributor and brand advocate on Amazon.com. Plaintiff is not authorized to resell Fjallraven products on Amazon or anywhere else. Consequently, its efforts to sell Fjallraven products on Amazon void the manufacturer's warranty.

This case concerns complaints allegedly made by Defendants regarding Plaintiff's sale of products listed as Fjallraven products on Amazon.com. Plaintiff alleges it was suspended from the Amazon marketplace on October 21, 2019 and reinstated December 5, 2019, fewer than seven weeks later, due to these alleged complaints. Compl. ¶¶ 65, 70. On this basis, Plaintiff claims (1) a per se violation of the Sherman Act, (2) "Interference with Existing and Prospective

Business Relationships," and (3) "Libel Per Se." None of these claims has been pled sufficiently to survive a motion to dismiss.

### Antitrust Claim

Plaintiff's antitrust claims fail because plaintiff has pled neither a cognizable "per se" violation of the federal antitrust laws nor any of the essential elements required for consideration of its claims under the rule of reason. Netrush is not a competitor of Fjallraven; it is a service provider.[1] Compl. ¶ 59. The Complaint lacks any allegation that Fjallraven and Netrush compete horizontally, and their relationship is the opposite. Fjallraven and Netrush do not try to take sales away from each other; they both seek to maximize Fjallraven sales. Because Netrush's and Fjallraven's business relationship is vertical, not horizontal, any alleged price restraint would be evaluated under the rule of reason, not as a per se violation. *See Leegin Creative Leather Prod., Inc. v. PSKS, Inc.*, 551 U.S. 877, 907 (2007) ("Vertical price restraints are to be judged according to the rule of reason."); *Business Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717 (1988) (conspiracies to terminate a discounter for discounting are not illegal per se but tested under the rule of reason).

Plaintiff has not even tried to plead a rule of reason claim, and the facts it has alleged would defeat such a claim in any event. For one, Plaintiff has not even attempted to define a relevant market. *Planetarium Travel, Inc. v. Altour Int'l, Inc.*, 97 F. Supp. 3d 424, 428 (S.D.N.Y. 2015), *aff'd*, 622 F. App'x 40 (2d Cir. 2015) (where alleged conduct cannot be evaluated as a per se violation, "a plaintiff must . . . allege a relevant, plausible product market"); *see also Chapman v. New York State Div. for Youth*, 546 F.3d 230, 238 (2d Cir. 2008) (to survive dismissal, a plaintiff must plead the market "with reference to the rule of reasonable interchangeability and cross-elasticity of demand."). Nor has Plaintiff anything like the substantial harm to competition in the market as a whole that the law requires. *Ohio v. American Express Co.*, 138 S. Ct. 2274 (2018). All Plaintiff has alleged is that *one* unauthorized seller of a *single* brand on a *single* online marketplace was excluded for seven weeks. That is not an antitrust case. *See ECC v. Toshiba Am. Consumer Prods.*, 129 F.3d 240, 244-45 (2d Cir. 1997).

---

[1] Plaintiff seems to argue that, because Fjallraven and Netrush both sell Fjallraven products, they are "horizontal competitors." That is simply wrong. Fjallraven manufactures a product that it contracts with Netrush to distribute through a particular channel in which those two parties do not compete. *See* Compl. ¶ 59 (alleging that Netrush was Fjallraven's "exclusive *authorized* Amazon seller") (emphasis in original). As this Court has recognized, "exclusive distributorship agreements . . . are vertical in nature." *Planetarium Travel, Inc. v. Altour Int'l, Inc.*, 97 F. Supp. 3d 424, 431 (S.D.N.Y. 2015) (citation omitted), *aff'd*, 622 F. App'x 40 (2d Cir. 2015); *see also Business Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 730 n.4 (1988) ("[A] restraint is horizontal not because it has horizontal effects, but because it is the product of a horizontal agreement.").

Honorable P. Kevin Castel
February 6, 2020
Page 3

### Interference with Business Relationships

Plaintiff's tortious interference claim fails because Plaintiff does not allege interference through "wrongful means" as required by New York law. For interference to be wrongful, it must "amount[] to a crime or an independent tort; [have been] done for the sole purpose of injuring Plaintiff; or constitute[] 'extreme,' 'unfair,' and 'egregious' behavior." *Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*, 568 F. Supp. 2d 329, 345 (S.D.N.Y. 2008). Defendants' alleged conduct does not meet this standard. Plaintiff does not allege that any of Defendants' conduct constituted a crime, was undertaken for the sole purpose of injuring Plaintiff, or constituted extreme or egregious behavior. Nor can it. The antitrust allegations do not qualify for the reasons just given. Neither does the defamation claim, as explained below. While Plaintiff alleges that Defendants made complaints "maliciously and with ill will," Plaintiff does not identify the alleged statements and the allegation is entirely conclusory. Compl. ¶ 85. Failure to plead interference through wrongful means dooms Plaintiff's claim for interference with business relationships.

### Libel Per Se

Plaintiff fails to state a claim for libel because the Complaint does not identify any allegedly defamatory statement. New York law requires that a defamation plaintiff set forth "the particular words complained of . . . in the complaint." N.Y. C.P.L.R. 3016 (a); *see also Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 790 (S.D.N.Y. 2019) (dismissing defamation claim where plaintiff failed to plead "particular words" of allegedly defamatory statement as required by N.Y. C.P.L.R. 3016(a)); *O'Brien v. Alexander*, 898 F. Supp. 162, 172 (S.D.N.Y. 1995) ("defamation claim based on the statements . . . must fail [where] purportedly defamatory words are not identified"). Plaintiff fails to do so. At most, Plaintiff alleges "scheming accusations" and that Defendants "charged plaintiff with a serious crime or crimes," namely counterfeiting. Compl. ¶ 90. Yet the Complaint does not identify these alleged statements with particularity. Defendant's libel claim therefore merits dismissal.

Because Plaintiff's Complaint fails to adequately plead any of its three counts, Netrush respectfully asks that this Court entertain a Motion to Dismiss the Complaint and establish a briefing schedule to adjudicate that Motion as set forth above.

Respectfully,

Jonathan M. Jacobson
Wendy Huang Waszmer
Wilson Sonsini Goodrich & Rosati PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
(212) 999-5800

*Attorneys for Defendant Netrush, LLC*

Honorable P. Kevin Castel
February 6, 2020
Page 4

                                                  */s/ James Hartley*
James Hartley
Timothy Getzoff
Holland & Hart
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 245-2075

*Attorneys for Defendant Fjallraven USA Retail LLC*