**Mark Schlachet, Esq.**
Tel:216-225-7559
email: markschlachet@me.com

**3515 Severn Road**                                                **9511 Collins Ave.**
**Cleveland, Ohio 44118**                                                **Apt. 605**
                                                                **Surfside, FL 33154**
**1249 East 35th Street**                                           **(Succos-Shavuos)**
**Brooklyn, New York 11210**

                                                                **Admitted: OH, NY**

February 10, 2020

<u>**VIA ECF**</u>
Hon. P. KEVIN CASTEL
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

Re: 2238 Victory Corp. v. Fjallraven USA Retail, LLC, et al., No. 19-11733 (SDNY)

Dear Judge Castel:

     I am counsel to Plaintiff 2238 Victory Corp. and write in response to the 6 February pre-motion letter of Defendants Fjallraven USA Retail LLC and Netrush. As Your Honor knows, the complaint contains two (2) state law claims and a single Sherman Act count. As to the Sherman Act count Defendants rely primarily on three propositions, to wit: (1) that they are not horizontal competitors in the relevant market, (2) that their arrangement is vertical and not horizontal, and (3) that Plaintiff's facts do not constitute an antitrust case. We respectfully disagree with Defendants' positions, and have made Defendants well aware of our disagreement and our authorities. Footnote 1 to their pre-motion letter resulted from those communications.

Plaintiff has sufficiently alleged a *per se* Section 1 Sherman Act claim.[1] Defendants "had a conscious commitment to a common scheme designed to achieve an unlawful objective." *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 104 S. Ct. 1464, 1471, 79 L. Ed. 2d 775 (1984).  The unlawful objective was the removal of discounters.  *United States* v. *General Motors Corp.*, 384 U.S. 127 (1966); *Klor's, Inc*. v. *Broadway-Hale Stores, Inc*., 359 U.S. 207 (1959).

Defendants do not contest the sufficiency of Plaintiff's Section 1 claim aside from the requirements of joint/concerted action and horizontality. Specifically, they contest being competitors capable of entering into a conspiracy to violate the antitrust laws.  We agree that Defendants' instant arguments put into play Netrush's status as a competitor; but we suggest that meeting this defensive matter was not required to state a claim in the first instance. See  *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980) (finding "no basis for imposing on plaintiff an obligation to anticipate [an affirmative] defense by stating in his complaint" its negative.).  We did not anticipate that that Defendants would claim that Netrush is not a competitor.

Firstly, Plaintiff does not agree  that a service provider and brand owner may not jointly conspire to restrain competition.  *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249 RM, 2012 U.S. Dist. LEXIS 95024, at **25, 26 (N.D. Ind. 2012).  But even assuming that only competitors can conspire, we will show that Netrush is an actual competitor, let alone potential competitor, in the relevant market.[2]

Under circumstances of Netrush ascendance, its promotional material and, we believe, an express contract to remove discounters . . . all followed by higher prices to consumers, an unlawful horizontal conspiracy to maintain supra-competitive pricing by excluding competitors may be found.  *U.S. v. Apple,* 791

---

[1] To state a claim under Section 1, a plaintiff must allege facts that, if true, will prove: (1) the existence of a conspiracy, (2) intention on the part of the co-conspirators to restrain trade, and (3) actual injury to competition. *Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1047 (9th Cir. 2008) *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501-02 (9th Cir. 2010)

[2] Denomination as "actual" or "potential" competitor reflects an entity's actual or potential *entry* in the relevant market, i.e. not its inventory of products for listing for sale at given time *Power Analytics Corp. v. Operation Tech.*, No. SA CV16-01955 JAK (FFMx), 2017 U.S. Dist. LEXIS 226665, at *65 (C.D. Cal. Dec. 7, 2017)( ". . . establish unreasonable barriers to entry in the future, a potential competitor might have a legitimate antitrust claim.") The usage is routine and non-controversial: *Ixchel Pharma, LLC v. Biogen Inc.*, No. 2:17-00715 WBS EFB, 2018 U.S. Dist. LEXIS 13548, at *2 (E.D. Cal. Jan. 25, 2018)(" . . . plaintiff was not a current or potential competitor in the alleged market.")

F.3d 290, *aff'g* CV-12-2826 (S.D.N.Y.).  We acknowledge *Leegin Creative Leather Prods. v. PSKS, Inc.,* 551 U.S. 877, 888, 127 S. Ct. 2705, 2714 (2007)], where the Court rejected reliance on rules governing horizontal restraints when defining rules applicable to vertical price restraints.  Specifically, *Leegin* overruled *Dr. Miles Medical Co.* v. *John D. Park & Sons Co.*, 220 U.S. 373, 31 S. Ct. 376, 55 L. Ed. 502, which established a *per se* rule against a vertical agreement between a manufacturer and its distributor to set minimum resale prices.

     However, *Leegin* has never been held to overrule cases such as *Arnold Pontiac-GMC, Inc. v. Gen. Motors Corp.*, 786 F.2d 564 (3d Cir. 1986), where General Motors and its dealers, admittedly vertical parties, combined and conspired, *without* an express agreement, to restrict marketplace access.  GM, held not to have acted independently, was denied summary judgment.  Thus, *Leegin* does not control a *per se* challenge to a hybrid conspiracy amongst horizontal competitors.[3] The instant conspiracy isn't about vertical price setting, but rather, it's about horizontal competitors destroying competition at the horizontal level and stabilizing supra-competitive price levels within the relevant market.

     As to the state law claims we would be prepared to move forward with the Rule 12(b)(6) motion immediately.  As to Defendants' *Leegin* argument, which was unanticipated, Plaintiff did not plead to the matter.  We believe that, as encouraged by Your Honor, we should plead to the issue by way of amended complaint.  We will also address Defendant's claim that this is too small to warrant antitrust relief.

     Accordingly we request that the Court set a schedule for our filing of an amended complaint, to be followed by a briefing schedule consistent with the 6-week sequencing proposed in the pre-motion letter.  We are in full accord with adjournment of the initial pre-trail schedule set for February 26, 2020.

---

[3] *Doctor's Hosp. v. Se. Med. All.*, 123 F.3d 301, 308 (5th Cir. 1997)(manufacturer not acting unilaterally in best interest); *ES Dev., Inc. v. RWM Enters., Inc.*, 939 F.2d 547, 556-57 (8th Cir. 1991)(though facially vertical, inducement emanated from horizontals' intent to restrain competition); *Travelpass Grp. LLC v. Caesars Entm't Corp.*, No. 5:18-CV-00153-RWS-CMC, 2019 U.S. Dist. LEXIS 166542, at *5-6 (E.D. Tex. Sep. 27, 2019)(additional horizontal secondary conspiracies); *In re Tableware Antitrust Litig.*, 485 F. Supp. 2d 1121, 1124 (N.D. Cal. 2007)(though complaints vertical, part and parcel of effort to restrain trade); *U.S. v. All Star Industries,* 962 F.2d 465 (5th Cir. 1992)(cannot escape *per se* treatment by using a middle man).

        Respectfully yours,

        /s/ Mark Schlachet

        Mark Schlachet

cc:  All Counsel via ECF