# Mark Schlachet, Esq.
### Tel:216-225-7559
email: markschlachet@me.com

May 27, 2020

**<u>VIA ECF ONLY</u>**
Hon. P. KEVIN CASTEL
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

Re: *2238 Victory Corp. v. Fjallraven USA Retail, LLC, et al.,* No. 19-11733-PKC

Dear Judge Castel:

      I am counsel to Plaintiff 2238 Victory Corp. and write today requesting leave to file a Motion to Strike Exhibit A to Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss ("Reply")(ECF 38-1) or, in the alternative, to Convert the Instant Rule 12(b)(6) Motion to a Motion for Summary Judgement under Rule 56. The parties have met and conferred, albeit by email, but are unable to reach a resolution of this matter.  No conference or hearing before the court is presently on calendar.

      Defendants filed their Motion to Dismiss and supporting memorandum on April 17, 2020 (ECF 32-33).  Plaintiff filed its Memorandum of Law in Opposition on April 30, 2020 (ECF 37).  Defendants filed their Reply on May 26, 2020 (ECF 38).  Defendants sought in ECF 33 at p. 5 to carry the motion by introducing this single allegation: "Fjällräven itself does not sell on Amazon."  Plaintiff reminded in opposition that the instant motion tests the sufficiency of plaintiff's well-pled allegations . . . not those of defendants.  Defendants' next maneuver was to find a pretext to present Exhibit A in their Reply, consisting of dozens of images and texts, hand-picked by defendants and found at 15 different website locations.  These website locations, all on the Amazon platform, were neither cited nor relied upon in the amended complaint.  In the aggregate, Exhibit A contains a huge amount of information properly presented, if at all, in defendants' case in opposition . . . but having no proper role in adjudicating the sufficiency of the well-pled allegations of the amended complaint.

      Defendants justify their massive evidentiary showing by pointing to plaintiff's brief in opposition, which included images, embedded in the allegations of ¶27 of the amended complaint, taken in an Amazon visitation on March 23, 2020.  However, those images were integral to plaintiff's amended complaint at ¶¶27; and defendants did not object to their

inclusion. See *In re Scholastic Sec. Litig.,* 1998 U.S. Dist. LEXIW 13910*4 (SDNY 1998). In fact, defendants chose to ignore ¶27 in its opening brief on the instant motion and only now seek to expand the argument in Reply.

Through Exhibit A defendants are effectively presenting important aspects of their defense on the merits including, *inter alia*: (i) presenting website material admittedly current only as of May 1, 2020, one day *after* plaintiff's opposition brief was filed; (ii) presenting numerous "screen names" of sellers that they refer to as "unauthorized" when, in fact, without discovery there is no way for plaintiff to know whether any such screen name is a dba of a defendant; (iii) providing extensive pricing information as to products in different colors, thus making intelligent evaluation of price levels guesswork at best; (iv) presenting different transactional cost structures from one seller to another, requiring yet further analysis to compare the effective prices of products. All of these mentioned variables go to the merits of the case and not the sufficiency of the amended complaint. Exhibit A is presented with no motion moving admission of extrinsic evidence, contrary to the scheme of Rule 106.

Defendants argue (ECF 38 at p.5n.3) that Exhibit A is presented as "permitted" by Rule 106 of the Federal Rules of Evidence, to complete an evidentiary presentation begun by plaintiff. Specifically, the amended complaint contains incontrovertible allegations at ¶¶27-28 that Fjallraven presents itself as a seller on Google, and markets Products by listing them and offering them for sale on Fjallraven's Amazon storefront. Accordingly plaintiff argues that the amended complaint (ECF 13 at ¶¶23,30,41) plausibly alleges that Fjallraven is a "competitor" or "potential competitor" for antitrust purposes.[1] Defendants seek a finding at this Rule 12(b)(6) juncture that Fjallraven is not a "competitor" or "potential competitor"[2] by "proving" that it is not an Amazon seller because Fjallraven does not actually consummate Amazon sales—despite its undisputed marketing and sales activities-- and, therefore, the court should not regard Fjallraven as a competitor or potential competitor.[3] However, a Rule 12(b)(6) motion is not an evidentiary

---

[1] "A firm is treated as a potential competitor if there is evidence that entry by that firm is reasonably probable in the absence of the relevant agreement." See https://www.ftc.gov/sites/default/files/documents/public_events/joint-venture-hearings-antitrust-guidelines-collaboration-among-competitors/ftcdojguidelines-2.pdf

[2] Plaintiff does not concede that Fjallraven's status as a competitor or potential competitor is dispositive in any event. See Mem. in Opp., ECF 37 at p.9 n.5.

[3] Defendants have provided no discussion in ECF 33 or 38 of the factors underlying a competitor/potential competitor analysis. They simply seek a dispositive finding based upon *their* allegation, ECF 33 at p.5, that "Fjällräven itself does not sell on Amazon." But an "arrangement between companies performing similar functions in the production or sale of comparable goods or services is characterized as "horizontal." *Paramount Pictures Corp. v. Baldwin-Montrose Chem. Co.*, 65 Civil 2586., 1966 U.S. Dist. LEXIS 10596, at *1 (S.D.N.Y. Jan. 24, 1966). Whether or not Fjallraven actually takes *its* customer's credit card, the two instant defendants indisputably "perform similar functions in the . . . sale of comparable goods . . ," i.e. vis-à-vis Fjallraven Products they both drive traffic in ecommerce, list, price, offer for sale, and provide online interactivity essential to make the sale.

proceeding in which movants (or respondents) are permitted to present extrinsic evidence in the first instance. Rule 12(b)(6) is all about the well-pled allegations of an operative pleading, subject to notions of professional responsibility. Defendants plainly seek to present matters in avoidance whether by flat out representation, Rule 106 or otherwise.

Rule 106 is largely a trial rule meant to avoid prejudicial segmentation of factual showings before a jury. *United States v. Cuthbertson*, 511 F. Supp. 375, 7 Media L. Rep. (BNA) 1172, 7 Fed. R. Evid. Serv. (CBC) 1610 (D.N.J.), rev'd, remanded, 651 F.2d 189, 7 Media L. Rep. (BNA) 1377, 8 Fed. R. Evid. Serv. (CBC) 458 (3d Cir. 1981), aff'd, 770 F.2d 1076 (3d Cir. 1985)(" At trial, court has discretion to permit introduction of otherwise inadmissible evidence for limited purpose of placing excerpted evidence in its proper context."). It is well-established Second Circuit law, moreover, that "Rule 106 does not render admissible evidence that is otherwise inadmissible." *United States v. Terry,* 702 F.2d 299, 314 (2d Cir. 1983**).** See also *United States v. Demosthene*, 334 F. Supp. 2d 378 (S.D.N.Y. 2004).

Thus, it is appropriate to strike Exhibit A or, if the court decides to consider Exhibit A, the Rule 12(b)(6) motion must be converted under Rule 12(d) to a motion for summary judgment under Rule 56, with plaintiff afforded discovery on the issues thus raised. In *Ujkik v. Twenty_First Century Fox, Inc.,* 2018 U.S. Dist. LEXIS 48594 (SDNY 2018), the court addressed a singular issue of defendants' status as "employer," analogous to instant defendants' insistence that they are not a competitor or potential competitor of Fjallraven products. Defendants in *Ujkic* sought to introduce extraneous materials to prove their non-employer status. Judge Frankel opined:

> a court faces a choice between excluding these materials or converting the motion into one for summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). Courts have complete discretion in deciding between these two options. *Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005) (quotation marks and citation omitted). However, if the court considers the extraneous documents and converts the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

*Id*. at *6. This case is no different.

Plaintiff therefore requests a pre-motion conference to address our proposed Motion to Strike or, in the alternative, to Convert the Instant Rule 12(b)(6) Motion to a Motion for Summary Judgement under Rule 56. In the latter event, plaintiff requests leave to propound discovery as to any and all material pertinent to the Rule 56 Motion. Plaintiff proposes an expedited briefing schedule commencing 14 days from pre-motion conference or, should the court convert the Rule 12(b)(6) motion, commencing 14 days following a 75-day post-conversion period for discovery.

                                          Respectfully submitted,

                                          /s/ Mark Schlachet

cc: All Counsel (via ECF)